CHRIST BOE, Appellant, *v.* W. T. LYNCH, Res-
PONDENT.

(Submitted June 9, 1897.   Decided June 30, 1897.)

*Jury—Right to Disregard Evidence—New Trial.*

1. Jury—Although the jurors are the exclusive judges of the credibility of the wit-
   nesses, and are not bound to believe testimony which is improbable, still they have
   no right to arbitrarily disregard positive and direct testimony which is wholly un-
   disputed, is consistent and does not contain improbabilities and is given by wit-
   ness who are not impeached or discredited.
2. *Held*, accordingly, in an action to recover chattels, in which the only issue was
   whether the property belonged to a partnership or to one of the members thereof, a
   motion for a new trial should be granted where there was no evidence to sustain the
   verdict.

*Appeal from District Court, Flathead county.   C. W.
Pomeroy, Judge.*

Action by Christ Boe against W. T. Lynch.   Judgment
for defendant.   Plaintiff appeals.   Reversed.

Statement of the case by the justice delivering the opinion.

Action brought by the appellant (plaintiff) against the re-
spondent for damages for the conversion of three head of beef
steers November 27, 1893, alleged by appellant to belong to
himself and one John Boe as partners doing business under

the firm name of Boe Bros., and also damages for driving and molesting other stock belonging to said partnership, and claiming damages by reason of defendant's driving the stock off their usual range, and turning them out, so that they became lost, and eight head died, and appellant was put to great trouble and expense in hunting the same.

The respondent denied the partnership, and justified as a constable under an execution, in the case of *Heideman* v. *John Boe*, against the property of said John Boe, and stated in his return on execution that he sold the property of John Boe.

Verdict for defendant.   Motion for a new trial overruled. Plaintiff appealed.

*W. N. Noffsinger*, for Appellant.

HUNT, J.—For ground of reversal, the plaintiff and appellant relies upon the insufficiency of the evidence to justify the verdict.   This raises the question of whether there was sufficient evidence to justify the finding that the property seized by the respondent as constable belonged to John Boe individually, or belonged to the partnership of Boe Bros.

The plaintiff testified by deposition.   In substance, his evidence was that he and his brother, John Boe, invested a sum of money in cattle several years ago in Flathead county, under an agreement that they were to ·share the profits and losses of the business equally, that John was to attend to the cattle, and that for his services for giving such attention he was to draw monthly wages.   The firm brand was K B.

John Boe corroborated Christ as to the partnership agreement, and testified that the cattle levied upon and sold, were partnership property and bore the firm's brand; that upon August 2, 1894, he sold out to his brother, Christ, his interest in all the cattle formerly belonging to the firm.   The written instrument of conveyance was put in evidence.   On cross-examination he said that, although the property had been assessed to him at divers times, he had expressly told the assessor that it was firm property, and that his brother had

actually paid part of the taxes, by remitting money. Another witness, who was apparently wholly disinterested, corroborated the evidence of both the Boe brothers as to the partnership relation between them. All this evidence was uncontradicted.

The defendant said that in November, 1893, he had an execution in his hands, issued by a justice of the peace in a case entitled *Heideman* v. *John Boe;* that John Boe paid the judgment after execution was issued and some cattle were seized, but would not pay the costs; and that, as constable, he thereupon released all but several head of cattle, which he sold for his costs ($76) in serving the execution, which Boe had refused to pay when he paid the judgment.

The justice testified that John Boe paid into his court the amount of the judgment against him in the case of *Heideman* v. *Boe*, and the costs then remaining unpaid, except the costs of the constable's levy of the execution, the correctness of which last item he disputed.

This was all the evidence in the case bearing at all upon the material issue of partnership, and we fail to see any inconsistency or improbability in plaintiff's evidence which justified the jury in disregarding it as untrue. True, the jury are the exclusive judges of the credibility of a witness, but they have no right to arbitrarily disregard testimony, where such disregard is not based upon anything appearing on the trial, and because of some caprice which rests solely in their own minds. A jury is not bound to accept the testimony of a witness, where it contains improbabilities such as to afford a reasonable basis for believing it to be untrue, or where there are reasonable grounds for believing it to be false; but where positive and direct testimony is wholly undisputed and uncontradicted, and the witness delivering it is not impeached or otherwise discredited, and there is no improbability or inconsistency apparent in it, or any disclosed by any facts or circumstances throughout the case, they cannot arbitrarily refuse to believe such testimony, and find a verdict directly contrary to it, and which finds no support whatsoever in the evidence.

In such a case they should believe, for the purpose of the suit, the testimony of the unimpeached, uncontradicted witness, and it is the duty of the court to set aside a verdict founded upon a disbelief of such clear and uncontradicted evidence. *Lomer* v. *Meeker*, 25 N. Y. 361.

Juries, like judges, must exercise their judgment. Great latitude is allowed them. But the exercise of the judgment must be upon what is in the evidence before them, and upon the credibility of the persons who furnish that evidence. *Elwood* v. *Telegraph Co.*, 45 N. Y. 549; *Engmann* v. *Estate of Immel*, 59 Wis. 249, 18 N. W. 182.

As appropriate to this subject, we quote a part of a comment of Judge Bailey, of the Illinois Appellate Court, in *Edler* v. *Uchtmann*, 10 Ill. App. 493, who said:

"Juries must be governed by the evidence as it is given, bringing to its consideration, and to the determining of the facts which it tends to prove, a candid and dispassionate judgment; and they are not at liberty to reject the testimony of any witness from mere caprice, or because they may prefer the result which in that way becomes open to them."

The record in this case shows no conflict in the testimony; nor do we find anything from which the jury were authorized to disbelieve the undisputed testimony offered in plaintiff's behalf. For this reason the judgment is reversed, and the cause is remanded for a new trial.

*Reversed and Remanded.*

PEMBERTON, C. J., and BUCK, J., concur.